# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE LINCOLN FOUNDATION NFP CORP., *et al.*, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2025-cv-10544 |
| CITY OF CHICAGO, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS SOMERCOR 504 INC. AND MANUEL FLORES' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)

Defendants Somercor 504, Inc., an Illinois not-for-profit corporation ("Somercor") and Manuel Flores ("Flores") (collectively "Somercor Defendants"), by and through their attorneys at Gordon Rees Scully Mansukhani, LLP, and pursuant to FRCP 12(b)(6), respectfully move this Court for an order dismissing Plaintiffs' claims against the Somercor Defendants, with prejudice. In support, Somercor Defendants state as follows:

## INTRODUCTION AND BACKGROUND

Plaintiffs are two non-profit organizations attempting, *again*, to manufacture liability out of their failure to secure public grant funds. This is not their first meritless attempt. In October 2020, Plaintiffs filed nearly identical claims after being denied a different round of TIF grant funding. The Circuit Court of Cook County dismissed those claims with prejudice on April 20, 2022, after affording Plaintiffs multiple opportunities to amend and several rounds of motion practice. (*See* Original Complaint filed October 27, 2020, attached as **Ex. A**; Apr. 20, 2022 Order, attached as **Ex. B**).

Undeterred, Plaintiffs now repackage many of the same failed theories – this time alleging seven causes of action arising from Defendants purported "failure" to award them grant funding. Plaintiffs claim Defendants "breached" the Small Business Improvement Fund ("SBIF") Ordinance (Count 1), the Neighborhood Opportunity Fund ("NOF") Ordinance (Count 2)[1], and an unspecified "grant contract" (Count 3), and assert duplicative state and federal constitutional claims (Counts 4–7).

This shotgun pleading should be dismissed in full. First, Plaintiffs fail to allege any facts that plausibly state a claim under any theory. Second, there is no private right of action under the alleged ordinances, rendering Counts 1 and 2 legally defective. Third, Plaintiffs identify no contract, no terms, and no breach which renders fatal to Count 3. Finally, Plaintiffs' constitutional claims fail as a matter of law because the Somercor Defendants are private actors, Plaintiffs lack a private right of action, and they have not alleged the elements necessary to sustain a constitutional violation.

At bottom, Plaintiffs are simply re-litigating claims that have already been rejected. This time, dressed up in new labels but resting on the same baseless premise: that their failure to obtain discretionary grant funds somehow creates a cause of action. It does not.

## **LEGAL STANDARD**

A motion to dismiss filed under Federal Rules of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations

---

[1] Although not cited directly, upon information and belief, Defendants interpret Plaintiff's claims to be centered around Chicago Municipal Code 16-14-010, titled "Neighborhood Opportunity Fund Ordinance," of the Chicago Municipal Code. Plaintiffs also claim breach of the Small Business Improvement Fund (SBIF), an ongoing initiative authorized under the provisions of the Tax Increment Allocation and Redevelopment Act, 65 ILCS 5/11-74.4-1 et seq., to provide grants to businesses and property owners within specific, TIF-eligible districts.

in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Hale v. Chu*, 614 F.3d 741, 744 (7th Cir. 2010) (quoting *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability…stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. Walgreen Co*., 719 F.3d 849, 853 (7th Cir. 2013) (holding that "[p]lausibility' is not a synonym for 'probability' in this context") (citations omitted).

Moreover, if the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Preventing inadequately pled lawsuits from moving to the discovery stage has been recognized as saving both the court and the parties' valuable time and resources. *Iqbal*, 556 U.S. at 685.

## ARGUMENT

**I. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

**A. Plaintiffs' claims for "breach" of ordinances (Counts I and II) should be dismissed because there is no private right of action, and they otherwise fail to state a claim, including a violation of any ordinance.**

Counts 1 and 2 attempt to state a cause of action against Defendants for "breach" of ordinances referred to as the "SBIF Ordinance" and "NOF Ordinance." (*See* Plts.' Amend. Compl., ¶¶ 117-120). However, there is no private right of action under any of the ordinances Plaintiffs' have referenced – none of which they even cite, identify, or quote. Plaintiffs fail to allege what specific provision of any ordinance was purportedly violated, or what conduct by Defendants supposedly constituted a violation.

The existence of an ordinance does not automatically confer a right to sue. Rather, a plaintiff must establish an express or implied right of action, which they have not done here.

Pursuant to Illinois law, Plaintiffs must satisfy the test for an implied right of action to proceed. Implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiffs injury is one that the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute. *Fisher v. Lexington Health Care*, 188 Ill. 2d 455, 460 (1999); see also *Metzger v. DaRosa*, 209 Ill. 2d 30 (2004) (holding whistleblower statute did not create an implied private right of action).

Plaintiffs' claim does not satisfy this test. The purpose of the Neighborhood Opportunity fund is "to promote growth within the downtown area [Chicago]…strengthen neighborhood commercial corridors… [and] address the decline in private investment in Qualified Investment Areas." See 16-14-040. The purpose of the SBIF is to provide financing assistance for improvement of commercial and industrial facilities of small businesses in certain redevelopment project areas of Chicago. (*See* SO2024-0008887, attached as **Ex. C).** An action like this one is wholly inconsistent with the purpose and intent of the ordinances. Plaintiffs have failed to allege that they are members of any class for whose benefit the statute was enacted. Their alleged injury – the denial of additional grant funding – is not the type of harm these programs were designed to prevent. The SBIF and Neighborhood Opportunity Fund programs exist to award discretionary funding based on established eligibility criteria, not to guarantee funding to every applicant. Critically, Plaintiffs also fail to identify a provision of any ordinance that was allegedly violated, nor do they describe any conduct that would constitute a violation. Merely being denied grant

funds – or receiving less than one perceives they are entitled to – does not give rise to a cause of action. To allow such a claim to proceed would open the floodgates to litigation involving disgruntled applicants, frustrating the very purpose of the ordinances and the City's ability to administer.

**B. Plaintiffs' breach of contract claim (Count 3) should be dismissed because it fails to state a claim.**

A breach of contract claim under Illinois law requires that Plaintiff plead the following basic elements: (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 560 (7th Cir. 2012). Consideration consists of some detriment to the offeror, some benefit to the offeree, or some bargained-for exchange between them. *Wigod*, 673 F.3d at 563–64. Conclusory allegations of breach are insufficient to state a claim. *See Servpro Indus., Inc. v. Schmidt*, 905 F. Supp. 475, 479 (N.D. Ill. 1995), *Janivo Holding, B.V. v. Continental Bank, N.A.*, No. 91 C 7728, 1992 WL 345391, 3–4 (N.D.Ill.1992).

Here, while not required under the federal rules, Plaintiffs fail to attach the alleged written agreement to their Complaint. They also fail to identify the agreement or recite any terms of the alleged agreement. Plaintiffs also fail to allege the basic elements of a breach of contract claim, including offer and acceptance, consideration, the terms at issue, and any breach of said terms. The mere submission of a grant application, and subsequent denial or partial award of funding, does not give rise to a contractual relationship or a claim for breach. Conclusory assertions of a "contract" or "breach" are legally insufficient to withstand dismissal. Accordingly, Plaintiffs' breach of contract claim (Count III) should be dismissed pursuant to Rule 12(b)(6).

**C. Counts 4 through 7 – Equal Protection, Due Process and Section 1983 Claim.**

Counts 4 through 7 of Plaintiffs' Amended Complaint attempt to assert a cause against Defendants, alleging that Defendant Somercor deprived Plaintiffs of certain rights secured by the Illinois and U.S. Constitution, including equal protection and due process. Counts 4 through 7, however, fail for a number of reasons.

**1. Defendant Somercor is not a State Actor.**

Section 1983 imposes civil liability on any person who, acting under color of state law, deprives another of "any rights privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a viable claim under Section 1983, the plaintiff must allege two essential elements: "the conduct complained of was committed by a person under color of state law;" and "this conduct deprived a person of rights, privileges or immunities secured by the Constitution or law of the United States." *Joyce's Fine Arts Acad., Inc. v. City of Chicago, No.*, 1997 WL 222881, at *2 (N.D. Ill. Apr. 24, 1997) (internal citations omitted). Similarly, the Fourteenth Amendment does not protect against private conduct. See also *Williams v. Nagel*, 162 Ill. 2d 542, 548 (1994) ("The fourteenth amendment erects 'no shield against merely private conduct.'"). For a private actor to act under color of state law he must have "had a meeting of the minds and thus reached an understanding" with a state actor to deny plaintiffs a constitutional right. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000).

Here, Somercor is a private corporation that merely assists in the administration of the SBIF funding. Plaintiffs allege no facts – nor could they – establishing any concerted effort or agreement between Somercor and the City of Chicago to deprive Plaintiffs of any constitutional right. Accordingly, their Section 1983 claims fail as a matter of law.

## 2. Plaintiffs' Federal Equal Protection and Due Process Claim Should also be Dismissed (Counts 4 through 7)[2]

In order to maintain a federal equal protection claim, Plaintiffs must show that the Defendants intentionally discriminated against them because of their membership to a particular class. *Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir. 1989), *cert. denied¸*494 U.S. 1029 (1990). Plaintiffs must show both discriminatory treatment and discriminatory intent on the parts of defendants. *David K. v. Lane,* 839 F.2d 1265 (7th Cir. 1988). To establish a prima facie case of discrimination under the federal equal protection clause, a plaintiff must show that he "is a member of a protected class" and that he "is otherwise similarly situated to members of the unprotected class," and he "was treated differently from members of the unprotected class." *McNabola v. Chicago Transit Auth.,*10F.3d 501, 513 (7th Cir. 1993)

Plaintiffs' Amended Complaint fails to plead facts establishing that Plaintiffs were members of a protected class. The pleading also lacks any factual allegations suggesting discriminatory intent or treatment by Defendants based on sexual orientation, religion (or lack thereof), or race. Finally, Plaintiffs fail to allege how they were treated differently than any other similarly situated grant applicant. As such, Plaintiffs fail to plead, and cannot plead, the necessary elements of a federal equal protection violation against Defendant Somercor.

Although unclear, Plaintiffs also appear to allege violations of procedural and substantive due process on the basis that they have a fundamental right to apply for grant funds without being subject to arbitrary discrimination. (See e.g., Plts.' Amend. Compl., ¶ 112(G)). As a threshold matter, where plaintiff makes a claim that substantive due process rights were violated, the courts

---

[2] Plaintiff's Amended Complaint does not contain a specifically identified cause of action for a federal equal protection or due process claim; however, the Amended Complaint contains allegations under the section titled "Additional Federal Equal Protection Facts" and "Due Process Facts." (See Plt.'s Amended Compl. At 12-12. To the extent Plaintiff's Amended Complaint is interpreted to contain allegations under these theories, the same fail for the reasons outlined herein.

look to whether the right deprived is fundamental under the constitution. *Bigelow Grp., Inc. v. Rickert*, 377 Ill. App. 3d 165, 180 (2007). "If the interest is not 'fundamental,' the governmental action is entirely outside the ambit of substantive process." *Id.* Further, to succeed on a procedural due process claim, a plaintiff must demonstrate a cognizable property interest or protected liberty, a deprivation of that interest, and a denial of due process. *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004).

Here, Plaintiffs' substantive and procedural due process claims fail for multiple reasons. Somercor is not a state actor. Plaintiffs identify no fundamental right or cognizable property interest, no deprivation of that right, and no denial of due process. Most notably, Plaintiffs cite no legal authority recognizing a "fundamental right" to apply for or receive discretionary grant funding. Therefore, to the extent Counts 4 through 7 assert any due process or equal protection claim, they fail as a matter of law and should be dismissed with prejudice.

**3. Plaintiffs' "State Sex Discrimination" counts should be dismissed (Counts 4 and 5) because Somercor is not a state actor, there is no private right of action, and they fail to state a claim.**

Counts 4 and 5 of Plaintiffs' Complaint allege that Defendants violated Article 1 § 18 of the Illinois Constitution because Defendants allegedly rejected Plaintiffs' grant application based on gender and sexual orientation. (*See* Plts.' Amend. Compl., ¶¶ 123-128). However, counts 4 and 5 should be dismissed because (1) there is not private right of action under Article I Section 18, (2) Somercor is not a state actor, and (3) they fail to state a claim for which relief may be granted.

First, counts 4 and 5 should be dismissed because there is no private right of action for money damages under Article I, Section 18 of the Illinois Constitution. See *Teverbraugh v. Moore*, 311 Ill. App. 3d 1 (1st Dist. 2000) (holding no private right of action for damages under Article I, Section 18, and noting lack of self-executing language compared to Article I, Section 17). Further, Counts 4 and 5 should be dismissed because Somercor is not a state actor.

Finally, Plaintiffs have not stated a claim against Defendants because they have not identified a discriminatory statutory classification. Further, while Plaintiffs assert the mere legal conclusion that they are members of a protected class, the LGBTQ+ community, which is similarly situated with non-LGBTQ+ applicants, they do not specifically identify any non-LGBTQ+ applicant who applied and received funds under the same program for which Plaintiffs' application was denied. Accordingly, Counts IV and V should be dismissed with prejudice.

4. **Plaintiffs' Section 1983 Claim Should also be Dismissed Pursuant to Section 2-615 (Counts 6 and 7).**

To bring a claim under Section 1983, a plaintiff must allege (1) that an action taken by a defendant deprived the plaintiff of a right protected by the Constitution or laws of the United States and (2) that defendant's action was taken under the color of state law. *Vasquez v. Hernandez,* 60 F. 3d 325, 328 (7th Cir. 1995).

Here, Plaintiffs do neither. As outlined above, Somercor is not a state actor, and Plaintiffs fail to identify any constitutional right that was allegedly violated. Accordingly, Counts 6 and 7 should be dismissed pursuant to Rule 12(b)(6).

## **CONCLUSION**

WHEREFORE, pursuant to FRCP 12(b)(6), Defendants Somercor and Manuel Flores respectfully requests this Court enter an order dismissing Plaintiffs' Complaint with prejudice.

October 7, 2025

| | |
|---|---|
| James B. Hiller (#6277661)<br>Alexandra S. Pruitt (#6339541)<br>Erich Nathe (#6325777)<br>Gordon Rees Scully Mansukhani, LLP<br>One North Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>Phone: (312) 565-1400<br>Fax: (312) 565-6511 | Respectfully submitted,<br><br>By:   /s/ Erich P. Nathe<br>Attorney for Defendants Somercor 504, Inc.<br>and Manuel Flores |

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, states that on October 7, 2025, a true and complete copy of the *Defendants Somercor 504, Inc. and Manuel Flores' Motion to Dismiss* was served upon all counsel of record via the United States District Court for the Northern District of Illinois' CM/ECF system.

      Respectfully submitted,

By: /s/ Erich P. Nathe
One of the Attorneys' for Defendants Somercor 504, Inc. and Manual Flores

Gordon Rees Scully Mansukhani, LLP
One North Wacker Drive, Suite 1600
Chicago, IL 60606
Phone: (312) 565-1400
Fax: (312) 565-6511